UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RAUL FLORES FLORES,

Petitioner,

v.

ORESTES CRUZ, et al.,

Respondents.

No.  1:26-cv-01038 DC SCR

FINDINGS & RECOMMENDATIONS

Petitioner is a federal immigration detainee proceeding through counsel in this habeas corpus action filed pursuant to 28 U.S.C. § 2241.  This action was referred to the undersigned by operation of Local Rule 302 and 28 U.S.C. § 636(b)(1).

**I.      Factual and Procedural History**

**A.  Section 2241 Petition**

Petitioner is a citizen of Mexico who has been in immigration detention since December 29, 2025.  ECF No. 1 at 8, ¶ 22.  He is currently in the custody of respondents at the California City Detention Facility, within this judicial district.  Id. at 2, ¶ 1; id. at 6, ¶ 15.  Petitioner entered the United States without inspection nearly 27 years ago and was not apprehended upon arrival. Id. at 5, ¶ 10.

After his detention, petitioner requested review of his custody by an Immigration Judge ("IJ").  ECF No. 1 at 8, ¶ 22.  On February 3, 2026, petitioner's counsel appeared before the

1

Adelanto Immigration Court for a bond hearing.  The IJ determined he lacked jurisdiction over petitioner's request for custody redetermination pursuant to Matter of Yajure Hurtado, 29 I. & N. Dec. 216 (BIA 2025) ("Yajure Hurtado").  Id.  The IJ's decision reflects that he applied Yajure Hurtado after having "carefully considered" the November 25, 2025, and December 18, 2025, orders in the certified class action Maldonado Bautista v. Santacruz, No. 5:25-cv-1873 SSS BFM (C.D. Cal. 2025) ("Maldonado Bautista").  ECF No. 1-1 at 3.

Petitioner raises a single claim for "Violation of the INA: Request for Relief Pursuant to Maldonado Bautista."  ECF No. 1 at 9-10, ¶¶ 29-34.  Petitioner alleges that, "[b]y denying [him] a bond hearing under § 1226(a) and asserting that he is subject to mandatory detention under § 1225(b)(2), Respondents violate Petitioner's statutory rights under the INA and the Court's judgment in Maldonado Bautista."  Id. at 10, ¶ 34.  Petitioner further maintains he is a member of the Maldonado Bautista "Bond Eligible Class" and "entitled to consideration for release on bond under 8 U.S.C. § 1226(a)."  Id., ¶ 30.  Petitioner insists that respondents here "are parties to Maldonado Bautista and bound by the Court's declaratory judgment, which has the full 'force and effect of a final judgment.'"  Id., ¶ 33 (citing 28 U.S.C. § 2201(a)).  By way of relief, petitioner requests the Court issues a writ of habeas corpus requiring respondents to release him unless they provide a bond hearing under 8 U.S.C. § 1226(a) within seven days.  Id. at 11.

### B.  Respondents' Opposition and Motion to Dismiss

Respondents filed an opposition and motion to dismiss asserting that petitioner entered the United States illegally without inspection and is thus an "applicant for admission" who is subject to mandatory detention under 8 U.S.C. § 1225(b)(2).  ECF No. 5 at 2.  For support, respondents cite the minority of cases supporting this interpretation, including the Fifth Circuit's recent decision in Buenrostro-Mendez v. Bondi, --- F. 4th ----, No. 25-20496, 2026 WL 323330, (5th Cir. Feb. 6, 2026) and the BIA's decision in Yajure Hurtado.  Id.

Regarding petitioner's INA claim, respondents urge the Court to find that it is not bound by the judgment in Maldonado Bautista:

> Petitioner is confined outside of the Central District of California by immediate custodians who are also outside the Central District of California and have not been named in the lawsuit. Therefore, the Bautista court lacks jurisdiction to issue

2

habeas relief to Petitioner who is confined outside the Central District of California by immediate custodians outside that District, and a court's judgment cannot be binding and preclusive against a party over which it lacked jurisdiction. Burnham v. Superior Court of Cali., 495 U.S. 604, 608 (1990). Indeed, another federal district court has already held that the Bautista declaratory judgment does not have preclusive effect. Order, Calderon Lopez v. Lyons, No. 25-cv-00226 (N.D. Tex. Dec. 19, 2025), ECF No. 12.

ECF No. 5 at 3.[1]

### C. Petitioner's Reply

On reply, petitioner argues that his petition sought to both enforce his rights as a member of the Maldonado Bautista "Bond Eligible Class" and "asserted that his detention on this basis [i.e., § 1225] also violates the plain language of the Immigration and Nationality Act." ECF No. 7 at 2, ¶¶ 1-2. Petitioner cites to several decisions from this judicial district and other district courts within the Ninth Circuit that have adopted the majority view that § 1226(a) "provides the general process for arresting and detaining [noncitizens] who are present in the United States and eligible for removal," and argues that he is "subject to § 1226(a) and therefore he is entitled to the statutorily permitted process including a bond hearing at minimum[.]" Id. at 4-6.

### I.    Relevant Authorities

#### A.  Matter of Yajure Hurtado, 29 I. & N. Dec. 216 (BIA Sept. 5, 2025)

In Yajure Hurtado, the BIA affirmed an IJ's conclusion that the Immigration Court lacked authority to hear a noncitizen's request for bonding, explaining that "[noncitizens] who . . . surreptitiously cross into the United States remain applicants for admission [under 8 U.S.C. § 1225] until and unless they are lawfully inspected and admitted by an immigration officer." Yajure Hurtado, 29 I. & N. Dec. 216, 228 (BIA 2025). "Therefore, just as [IJs] have no authority to redetermine the custody of arriving aliens who present themselves at a port of entry, they likewise have no authority to redetermine the custody conditions of an alien who crossed the border unlawfully without inspection, even if that alien has avoided apprehension for more than 2 years." Id.

---

[1] Respondents ask the Court to hold the matter in abeyance for 180 days if it decides to grant petitioner's motion for preliminary injunction. ECF No. 5 at 3-4. However, petitioner has not filed any motions for injunctive relief.

3

## B. Maldonado Bautista

The Maldonado Bautista litigation challenges the legality of the government's new position that individuals who entered the United States without inspection and are apprehended in the interior of the United States are "arriving aliens" subject to mandatory detention without a bond hearing (the "DHS Policy").

> On July 8, 2025, the Department of Homeland Security (DHS) instituted a notice titled "Interim Guidance Regarding Detention Authority for Applicants for Admission." The Notice communicated DHS's choice, in coordination with the Department of Justice ("DOJ") to "revisit[ ] its legal position on detention and release authorities," determining that Section 235 of the Immigration and Nationality Act ("INA") would serve as the applicable immigration detention authority rather than Section 236 for all "applicants for admission." [Id.]. In other words, the change in policy requires ICE employees to consider anyone arrested in the United States and charged with being inadmissible as an "applicant for admission" under 8 U.S.C. § 1225(b)(2)(A). Under § 1225(b)(2)(A), "applicants for admission" are subject to mandatory detention for proceedings under 8 U.S.C. § 1229(a) and not entitled to the due process protections found within § 1226(a).

Maldonado Bautista v. Santacruz, No. 5:25-cv-1873-SSS-BFM, 2025 WL 3289861, at *1 (C.D. Cal. Nov. 20, 2025) (cleaned up).  As a result of the new DHS Policy, the Maldonado Bautista petitioners, like Petitioner here, were denied bond hearings and remained in detention.  Id. at *2.

On November 20, 2025, District Judge Sykes granted Petitioners' motion for partial summary judgment and declared the DHS Policy unlawful.  Id. at *5-11.  After an extensive review of the statutory language, Judge Sykes determined that the DHS Policy "unacceptably collapse[s] § 1226 into nonexistence under a wide-reaching interpretation of 'applicants for admission.'"  Id. at *11.  On November 25, 2025, Judge Sykes granted Petitioner's motion for class certification pursuant to Federal Rule of Civil Procedure 23(b)(2).  Maldonado Bautista v. Santacruz, No. 5:25-cv-1873-SSS-BFM, 2025 WL 3288403 (C.D. Cal. Nov. 25, 2025).  The certified, "Bond Eligible Class" was defined as:

> All noncitizens in the United States without lawful status who (1) have entered or will enter the United States without inspection; (2) were not or will not be apprehended upon arrival; and (3) are not or will not be subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231 at the time the Department of Homeland Security makes an initial custody determination.

Id. at *9.  The class was certified "as to Petitioners' claims that the DHS Policy violates the INA and Due Process."  Id.

4

The Maldonado Bautista petitioners subsequently filed an application for reconsideration and clarification of the November 25, 2025, order.  On December 18, 2025, Judge Sykes granted in part and denied in part the application, clarifying that the partial summary judgment order declared the July 8, 2025, policy unlawful and granted vacatur under the APA: "Because vacatur is a necessary consequence of declaring an agency action unlawful, vacatur of the DHS Policy is within the scope of the MSJ Order."  Maldonado Bautista v. Santacruz, No. 5:25-cv-1873 SSS BFM, 2025 WL 3713982, at *4 (C.D. Cal. Dec. 18, 2025).

In that December 18, 2025, order, Judge Sykes expressly declined to extend the APA vacatur relief to Yajure Hurtado.  Maldonado Bautista, 2025 WL 3713982, at *3.  Judge Sykes explained that the BIA issued Yajure Hurtado after the petitioners filed their class complaint and the petitioners did not amend the complaint to address that ruling.  Id.  However, Judge Sykes found that the "core holding" of Yajure Hurtado—i.e., subjecting noncitizens present in the United States without inspection to § 1225 and denying them bond hearings for lack of jurisdiction—"cannot be squared" with the partial summary-judgment order.  "Although the MSJ Order does not grant vacatur of Yajure Hurtado under the APA, Yajure Hurtado is no longer controlling; the legal conclusion underlying the decision is no longer tenable."  Id.

On February 18, 2026, Judge Sykes issued an order formally vacating Yajure Hurtado. Maldonaldo Bautista v. Santacruz, No. 5:25-cv-1873 SSS BFM, 2026 WL 468284 (C.D. Cal. Feb. 18, 2026).  Judge Sykes issued the order in response to evidence that IJs continued to detain Bond Eligible Class members based on Yajure Hurtado, despite her December 18, 2025, finding that the BIA's underlying legal interpretation was "irreconcilable with the Court's declaration of law."  Maldonaldo Bautista, 2026 WL 468284, at *5.  Based on the government's position that Yajure Hurtado remained binding upon IJs, Judge Sykes concluded further relief was necessary to effectuate the final judgment:

> The Court's initial decision to deny Petitioners' request to vacate Yajure Hurtado under the APA was an act of judicial restraint: a formality. However, based on the representations Respondents have made to the Court, it is evident that further relief is both necessary and proper. The Court **VACATES** Yajure Hurtado under the APA.

Id. at *10.  The government appealed the vacatur ruling to the Ninth Circuit on February 23,

5

2026.  Bautista, et al. v. U.S. Dep't of Homeland Security, et al., Case No. 26-1044 (9th Cir. 2026).  The undersigned takes judicial notice of the Ninth Circuit Docket, which reflects that no stay of has been issued as of the date of these findings and recommendations.  See Harris v. County of Orange, 682 F.3d 1126, 1131-32 (9th Cir. 2012) (a court may take judicial notice of undisputed matters of public record including documents on file in federal or state courts).

<strong>DISCUSSION</strong>

### I.        Applicable Detention Statute

The statutory and regulatory framework governing immigration detention is complex. "Where a [noncitizen] falls within this statutory scheme can affect whether his detention is mandatory or discretionary, as well as the kind of review process available to him if he wishes to contest the necessity of his detention."  Prieto-Romero v. Clark, 534 F.3d 1053, 1057 9th Cir. 2008.  Thus, the undersigned begins by addressing the statutory basis for petitioner's detention.

The parties do not dispute that petitioner entered the country without inspection about 27 years ago and did not encounter immigration officials until his apprehension in December 2025. In cases involving substantively similar facts, District Judge Coggins has followed the majority view that "section 1226 rather than section 1225 is the appropriate section to apply in cases in which a noncitizen is already living in the United States."  See, e.g., Maciel v. Noem, No. 1:26-cv-1318 DC CKD (HC), 2026 WL 496948, at *4 (E.D. Cal. Feb. 23, 2026) (holding noncitizen who resided in the U.S. for over 20 years after entering without inspection was entitled to a bond hearing under § 1226(a)); Barajas Ortiz v. Chestnut, et al., No. 1:26-cv-1167 DC SCR (HC), 2026 WL 508419, at *4 (E.D. Cal. Feb. 24, 2026) (similarly ordering a bond hearing for a petitioner who resided in the U.S. for 34 years after entering without inspection).  The undersigned too agrees with the majority view and rejects respondents' argument that petitioner is an "applicant for admission" subject to mandatory detention under 8 U.S.C. § 1225(b)(2).

The undersigned recognizes that a divided panel of the Fifth Circuit Court of Appeals recently held that individuals like petitioner who have never been formally admitted into the United States and are arrested in the interior of the country are properly subject to detention under § 1225(b)(2).  See Buenrostro-Mendez, 2026 WL 323330.  However, the undersigned does not

6

find the majority's statutory analysis persuasive, instead finding persuasive the statutory analysis of the dissenting judge in Buenrostro-Mendez. The dissent's analysis largely tracks the analysis in the majority of cases decided in this court, see, e.g., Tinoco v. Noem, No. 1:25-cv-1762 DC JDP (HC), --- F. Supp. 3d ----, 2025 WL 3567862, at *4–5 (E.D. Cal. Dec. 14, 2025), and Labrador-Prato v. Noem, No. 1:25-cv-1598 DC SCR (HC), --- F. Supp. 3d. ----, 2025 WL 3458802 (E.D. Cal. Dec. 2, 2025), and the analysis adopted by a divided motions panel of the Seventh Circuit Court of Appeals, see Castañon-Nava v. U.S. Dep't of Homeland Security, 161 F.4th 1048, 1060-62 (7th Cir. 2025) (concluding that DHS is "not likely to succeed on the merits of their argument that those individuals, whom ICE arrested without a warrant [in the interior of the United States], are subject to mandatory detention under § 1225(b)(2)(A)"). The undersigned will not adopt the Fifth Circuit's reading of the statutory scheme in Buenrostro-Mendez.

## II.    Petitioner's INA Claim

Having found that petitioner is subject to § 1226(a), the undersigned recommends that the petition be granted on petitioner's sole INA claim. Section 1226(a) expressly authorizes release on bond, and its authorizing regulations provide for IJs to convene bond hearings. After arresting a noncitizen, the government "may continue to detain the arreste[e]" until a final removal decision is made or "may release" them on "bond" or "conditional parole." 8 U.S.C. § 1226(a)(1)–(2). If a noncitizen wishes to contest the initial custody determination—i.e., the denial or amount of bond—the noncitizen has a right to do so before an immigration judge. 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1). Accordingly, Respondents are violating the INA, as codified at 8 U.S.C. § 1226(a), by detaining petitioner without a bond hearing.

The undersigned acknowledges that Judge Coggins recently denied a group of petitioners' motion for preliminary injunction "predicated solely" on an alleged "violation of the court order certifying a class of noncitizens in Maldonado Bautista[.]" De La Paz Salazar, et al., v. Noem, et al., No. 1:26-cv-0899 DC SCR (HC), 2026 WL 496956, *1-2 (E.D. Cal. Feb. 23, 2026). But as Judge Coggins noted there, the petitioners asserted a statutory INA claim in their § 2241 petition but "did not, however, base their motion for a preliminary injunction on" that claim. 2026 WL 496956, at *7, n.8. By contrast, petitioner's statutory INA claim here is squarely before the

7

Court.  While its reliance on Maldonado Bautista perhaps obscures its statutory nature, petitioner's claim for "Violation of the INA" seeks relief pursuant to the statute itself.  ECF No. 1 at 9, ¶ 29; see also id. at 10, ¶ 34 ("By denying Petitioner a bond hearing under § 1226(a) and asserting that he is subject to mandatory detention under § 1225(b)(2), Respondents violate Petitioner's statutory rights under the INA *and* the Court's judgment in Maldonado Bautista.") (emphasis added); ECF No. 7 at 2, ¶ 1 (arguing on reply that petitioner "continues to face unlawful detention because [respondents] have refused to abide by the declaratory judgment issued on behalf of the certified class in [Maldonado Bautista], *as well as the plain language of 8 U.S.C. §1226(a).*") (emphasis added).  Therefore, to resolve the petition, the undersigned need not determine whether respondents have violated the Maldonado Bautista final judgement or whether petitioner is entitled to relief as a member of its "Bond Eligible Class."

Accordingly, the undersigned recommends that petitioner's § 2241 petition be granted on his INA claim and respondents be ordered to provide petitioner with a bond hearing.

**CONCLUSION**

Accordingly, IT IS HEREBY RECOMMENDED that:

1.    Petitioner's § 2241 petition (ECF No. 1) be GRANTED.

2.    Respondents be ordered to provide Petitioner a bond hearing before an Immigration Judge within seven (7) days of the adoption of the findings and recommendations.

3.    Respondents be further directed to file a notice certifying compliance with the above provision within seven (7) days from the date of the bond hearing.

4.    Respondents' motion to dismiss (ECF No. 5) be denied.

5.    Judgement be entered in petitioner's favor and this case closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **seven days** after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  The undersigned finds that a shortened objection period is warranted in this case given the nature of the relief at issue as well as the fact that the parties have had sufficient time to submit all of their arguments in written briefs.  See United States v.

Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); see also Local Rule 304(b).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: March 2, 2026

_____
SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE